IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DOCS BILLING SOLUTIONS, LLC,    )
      Plaintiff,                  )
                               )
      v.                         )         Civil No. 3:18-cv-35 (MHL)
                               )
GENETWORx LLC, *et al.*,        )
      Defendants.           )
_____)

## REPORT AND RECOMMENDATION

Plaintiff Docs Billing Solutions, LLC ("DBS" or "Plaintiff"), brings this action against

GENETWORx LLC ("GW Delaware") and RCA Laboratory Services, LLC ("RCALS"),

(collectively, "Defendants"), alleging that Defendants breached a contract with DBS by failing to

pay for services DBS rendered since July 2017. This matter comes before the Court for a Report

and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendants' Rule 12(b)(6)

Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 4) and on Plaintiff's Motion to

Remand to Henrico County Circuit Court (ECF No. 8).

For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand

be GRANTED. Further, the Court recommends that the Henrico County Circuit Court, as the

appropriate forum in this matter, rule on Defendants' Motion to Dismiss.

## I.       FACTUAL BACKGROUND

DBS is an authorized service provider for CareTracker Practice Management

("CareTracker"), a web-based medical billing software program. (Ex. B. to Notice of Removal

(ECF. No. 1-2) ("Am. Compl.") ¶ 7.) On February 23, 2017, DBS entered into a Master

Services Agreement ("MSA"), agreeing to provide a CareTracker license and support services to

GENETWORx LLC ("GW Virginia"), a Virginia limited liability corporation and non-party.[1] (Am. Compl. ¶ 7.) Specifically, DBS agreed to provide its software and support services to GW Virginia or its assignees for $17,000 per month for "an initial term of three years." (Am. Compl. ¶ 7; Ex. A to Am. Compl. (ECF No. 1-2) ("MSA") § 5.) The MSA served as part of a Master Interest Purchase Agreement ("MIPA"), dated December 14, 2016, under which companies owned by Recovery Centers of America, LLC ("RCA"), acquired ownership and control of GW Virginia. (Am. Compl. ¶¶ 10, 11.) Pursuant to the MIPA, GW Virginia agreed to enter the MSA and to assign all rights and obligations under it to a RCA assignee. (Am. Compl. ¶ 11.) That assignment occurred on June 30, 2017, when GW Virginia assigned its rights and obligations under the MSA to RCALS. (Ex. B to Am. Compl. (ECF No. 1-2) ("Assignment Contract").) Section 18 of the MSA provides that "venue and jurisdiction for proceedings [relating to the contract] shall be in the County of Henrico in the Commonwealth of Virginia." (MSA § 18.)

GW Virginia timely paid DBS for the months of March, April and May 2017. (Am. Compl. ¶ 13.) For June 2017, however, GW Virginia paid DBS late, after receiving notice of non-payment from DBS. (Am. Compl. ¶ 13.) After June 2017, RCALS assumed all obligations and rights under the MSA. (Assignment Contract.) RCALS failed to pay DBS for the months of July, August, September, October and November 2017. (Am. Compl. ¶ 13.) On August 31, 2017, GW Delaware sent a letter notifying DBS that it considered the MSA terminated, effective immediately. (Am. Compl. ¶ 14.)

---

[1] GW Virginia presently does business as "GENETWORx Legacy." (Br. Supp. Defs.' Mot. to Dismiss Pl.'s Am. Compl. (ECF No. 4-1) ("Defs.' MTD Br.") at 2, n.1.) Although both entities previously carried the same name, GW Virginia and GW Delaware constitute separate entities. (Defs.' MTD Br. at 2.) Due to their similar names, the undersigned will refer to each GENETWORx entity by its state of incorporation.

DBS filed suit against GW Delaware on October 18, 2017, in the Circuit Court for the County of Henrico. (Am. Compl. ¶ 15.) On December 18, 2017, DBS received leave of court to file an amended complaint, adding RCALS as a defendant after GW Delaware notified DBS that RCALS — not GW Delaware — served as the assignee under the MSA. (Am. Compl. ¶ 16.) Defendants removed the case to this Court on January 12, 2018. (Notice of Removal (ECF No. 1).)

On January 19, 2018, Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 4.) Defendants argue that Plaintiff cannot enforce the MSA against them, because the same individual, Scott Blevins ("Blevins"), executed the MSA on behalf of both DBS and GW Virginia, creating a conflict of interest that rendered the MSA voidable by RCALS. (Defs.' MTD Br. at 1-2.) Defendants further contend that GW Delaware cannot be held liable, because it is not a party to the MSA and never assumed any rights or duties under the agreement. (Defs.' MTD Br. at 1-2 (citing the June 2017 assignment of the MSA to RCALS).) DBS responded to Defendants' Motion to Dismiss, (Pl.'s Mem. Opp. Defs.' Mot. to Dismiss Am. Compl. (ECF No. 11) ("Pl.'s MTD Mem.")), and Defendants replied, leaving the motion now ripe for review. (Reply Supp. Defs.' Mot. to Dismiss Pl.'s Am. Compl. (ECF No. 14) ("Defs.' MTD Reply").)

On January 31, 2018, Plaintiff filed a Motion to Remand to Henrico County Circuit Court. (ECF. No. 8.) Plaintiff argues that the MSA's forum selection clause requires the Court to remand this case to Henrico County, Virginia, where no federal courthouse sits. (Pl.'s Mem. Supp. Mot. to Remand to Henrico Cnty. Cir. Ct. (ECF No. 9) ("Pl.'s MTR Mem.") at 1-2.) Plaintiff cites *Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668 (4th Cir. 2018), as

controlling precedent that requires this Court to remand a case when a forum selection clause

restricts venue to a locality where no federal courthouse exists.  (Pl.'s MTR Mem. at 4-5.)

Defendants assert that the entire MSA — including the forum selection clause — constitutes a

voidable contract under Virginia law.  (Defs.' Opp. Pl.'s Mot. to Remand (ECF No. 15) ("Defs.'

MTR Br.") at 1.)  Plaintiff replied to Defendants' opposition to its Motion to Remand, rendering

the matter ripe for review.  (Pl.'s Reply Mem. Supp. Mot. to Remand to Henrico Cnty. Cir. Ct.

(ECF No. 16) ("Pl.'s MTR Reply").)

## II.    STANDARD OF REVIEW

With two motions before it, the Court must consider which takes precedence.  Here, the

Motion to Remand takes precedence, because it determines which court could and should hear

this dispute.  *See Bartels*, 880 F.3d at 680 ("An enforceable [forum selection] clause prevents a

court from exercising jurisdiction over a case that it would otherwise be authorized to hear.").

However, if the forum selection clause proves unenforceable or does not require remand, and the

Court has jurisdiction over the parties, then the Court may proceed with determining the merits

of Defendant's Motion to Dismiss.[2]  *Id.* at 680-81.

Although Defendants invite the Court to determine whether the MSA constitutes a valid

contract, the Court will not do so due to the severability of the forum selection clause from the

MSA. The Fourth Circuit has not squarely addressed this issue, but other courts have uniformly

concluded that forum selection clauses qualify as contracts separate from the contract in which

they are located.  *See, e.g., Rucker v. Oasis Legal Fin., LLC*, 632 F.3d 1231, 1237-38 (11th Cir.

2011) ("A forum selection clause is viewed as a separate contract that is severable from the

---

[2]    The Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332, because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  (Notice of Removal at 2.)

agreement in which it is contained."); *Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract . . . ."). Indeed, it would be "an absurdity" for a court to determine the validity of a contract before deciding the proper forum for such determinations. *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (noting that if federal courts first determined the validity of a contract and remanded only cases with valid contracts, state courts would be left with the superfluous task of deciding contract validity a second time); *see also Comm. Network Servs. Corp. v. Colt Telecomm.*, 2004 WL 1960174, at *4 (N.D. Cal. Sept. 3, 2004) ("To hold that the Forum-Selection Clause is invalid because the contract as a whole is invalid . . . requires the Court to assess the merits of the case. [This] analysis is clearly backwards."). The Court will therefore analyze the forum selection clause in the MSA as a separate contractual agreement.

Having found the selection clause severable, the Court must next determine whether the clause itself waives Defendants' right to removal. *See Bartels*, 880 F.3d at 674-82. Courts consider forum selection clauses procedural, and thus federal law governs their enforcement in diversity cases. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). The burden falls on DBS — the party seeking to enforce the MSA's forum selection clause — to prove that either GW Delaware or RCALS waived its right to removal under the clause. *Bartels*, 880 F.3d at 681; *cf. Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) (holding that "the burden is on a plaintiff to find an express exception" when jurisdiction under the removal statute is otherwise proper). First, the Court must consider whether the language of the MSA's selection clause mandates remand of Plaintiff's specific causes of action. *Bartels*, 880 F.3d at 674-77. Next, if the clause requires remand, the Court will consider the clause's validity.

*Id.* Forum selection clauses enjoy a strong presumption of validity unless courts deem them unjust, unreasonable, or invalid for reasons such as fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). If found valid and enforceable, the Court must finally consider whether Plaintiff has the right to enforce the forum selection clause (i.e., has not waived it) and whether the clause binds either Defendant by its terms. *Bartels*, 880 F.3d at 677-82. A defendant bound by a valid forum selection clause waives his or her right to remove causes of action covered by the clause. *Id.* at 681. As removal of this case requires unanimity, if the selection clause proves valid and binds at least one Defendant, the Court must remand. 28 U.S.C. § 1446(b)(2)(A); *Chi. Rock Island & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

### III.   ANALYSIS

Following the step-by-step analysis outlined above, the Court finds that: (1) the language of the MSA's forum selection clause mandates remand of Plaintiff's cause of action to the Henrico County Circuit Court; (2) the clause constitutes a valid and enforceable forum selection clause; (3) Plaintiff has not waived its right to enforce the clause; and, (4) the clause binds RCALS, thereby waiving RCALS' right to removal. Because removal requires unanimity of all Defendants, and RCALS waived its right to removal, the Court recommends remand of this case.

### A.   The Language of the MSA's Forum Selection Clause Mandates Remand to Henrico County Circuit Court.

The language of the MSA's forum selection clause mandates remand, because the clause limits proper venue for actions arising under the MSA to Henrico County, Virginia, and no federal courthouse sits in that county, leaving the Henrico County Circuit Court as the only proper forum. The Fourth Circuit has drawn distinctions between forum selection clauses that impose a geographical venue limitation and those that impose a sovereignty limitation.

*FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010).

"[F]orum selection clauses that use the term 'in [geographic area]' express the parties' intent as

a matter of geography, permitting jurisdiction in both the state and federal courts of the named

[geographic area]." *Id.* (citations omitted).  Clauses requiring venue in courts "of a [sovereign],"

on the other hand, limit jurisdiction to the courts of the named sovereign. *Id.* (citations omitted).

In either category, courts must read the selection clause as mandating venue in the selected

forum; otherwise, a federal court will interpret the clause as nonexclusive, permitting venue

outside the designated forum. *See IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007)

(holding that a selection clause stating that the contractual parties "shall be free" to sue in Fairfax

County, Virginia, merely permitted venue in Fairfax County and did not require it).  When a

valid forum selection clause mandates venue in a geographic location where no federal

courthouse exists, parties bound by the clause waive their right to removal. *Bartels*, 880 F.3d at

676-77.

Here, Section 18 of the MSA provides, in part, that "venue and jurisdiction for

proceedings shall be in the County of Henrico in the Commonwealth of Virginia." (MSA § 18.)

The Court interprets this clause as a geographical limitation on venue, as its terms place proper

venue "in" a geographic location and do not limit venue to the courts of a specific sovereign.

The language also reads as mandatory, stating that venue and jurisdiction "shall be" in the named

geographic area. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir.

1997) (holding that the words "shall be" in a selection clause render the clause mandatory).  The

clause covers causes of action brought under the MSA, which includes the sole cause of action

Plaintiff brings here:  breach of the MSA. (Am. Compl. ¶¶ 32-36.)  Therefore, proper venue for

Plaintiff's cause of action lies in any state or federal court in Henrico County.  No federal

courthouse exists in Henrico County. Thus, the language of the MSA's forum selection clause mandates remand to the only possible forum in Henrico County: the Henrico County Circuit Court. To hold otherwise would result in the Court rewriting the contract to permit venue in a geographic area to which the parties to the contract did not agree. *See Bartel*, 880 F.3d at 674 (refusing to rewrite a contract in such a way).

## B.     The MSA Contains a Valid and Enforceable Forum Selection Clause.

"The party resisting application of a selection clause must demonstrate either that litigation in the agreed forum would be 'unreasonable and unjust, or that the clause [is] invalid for fraud or overreaching.'" *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 317 (4th Cir. 1982) (quoting *M/S Bremen*, 407 U.S. at 15). This is a heavy burden for the resisting party. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991). To prove the unreasonableness of an agreed-upon forum, the resisting party must show that: (1) a party induced agreement to the clause by fraud or overreaching; (2) the resisting party would be "deprived of his day in court because of the grave inconvenience or unfairness of the selected forum;" (3) the chosen law would "deprive plaintiff of a remedy;" or, (4) enforcement of the clause would "contravene a strong public policy of the forum."[3] *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (internal citations and quotations omitted).

Here, Defendants have not met their heavy burden of showing that trial in the Henrico County Circuit Court would prove unreasonable or unjust. Indeed, Defendants did not raise the

---

[3]     Notably, the third factor – whether the chosen law deprives Plaintiff of a remedy – does not impact the Court's analysis here, as Virginia law would govern Plaintiff's remedies in either state or federal court. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941) (holding that federal courts should apply state conflict of laws rules in diversity cases); *see also State of Maryland v. Coard*, 9 S.E.2d 454, 458 (Va. 1940) (holding that the laws of the jurisdiction in which a party sues govern remedies). Thus, the Court will consider the remaining three factors to determine unreasonableness.

unreasonableness of the selected forum in their response to Plaintiff's Motion to Remand.

(Defs.' MTR Br. at 1.)  Given Defendants' ability to appear in this Court and the relative

proximity of Henrico County to Richmond, no apparent reason exists to find Henrico County

Circuit Court so inconvenient as to effectively deprive Defendants of their day in court.

Further, no public policy reasons weigh against resolution of this case in Henrico County

Circuit Court.  The laws of Virginia govern the MSA and the contract relates to services

provided in Henrico County.  (MSA at 1, § 18 ("This Agreement shall be governed by the laws

of the Commonwealth of Virginia . . .")); *see also Paul Bus. Sys., Inc. v. Canon, U.S.A.*, 397

S.E.2d 804, 807 (Va. 1990) (holding that a contract's choice of law provision will determine the

substantive law that governs the contract).  Accordingly, remanding this case to Henrico County

Circuit Court would not contravene a strong public policy of this Court, as either forum would

apply the same substantive law.  If anything, enforcement of the clause as written furthers public

policy by favoring freedom of contract.  *See M/S Bremen*, 407 U.S. at 9-12 (holding that

enforcement of forum selection clauses "accords with ancient concepts of freedom of contract").

Thus, the Court does not deem the forum selection clause unreasonable or unjust.

That said, Defendants may still attack the validity of the forum selection clause itself.

Indeed, Defendants' response to Plaintiff's Motion to Remand attacks the validity of the MSA

and, by extension, its forum selection clause.  (Defs.' MTR Br. at 4.)  Defendants take issue with

the fact that Blevins represented both DBS (the seller of the CareTracker services) and GW

Virginia (the buyer of those services) when signing the MSA for both parties.  (Defs.' MTD Br.

at 4.)  This, Defendants contend, renders the MSA unenforceable, because Blevins had

conflicting obligations to DBS and GW Virginia — two companies in which Blevins had an

ownership interest.  (Defs.' MTD Br. at 4 (citing *Rowland v. Kable*, 174 Va. 343, 367-68

(1940)).) However, the Court need not address Defendants' arguments as to this alleged conflict of interest, because the conflict does not run to the selection clause itself.

As previously mentioned, courts view forum selection clauses as agreements separate from the contracts of which they are a part. *Rucker*, 632 F.3d at 1237-38. As such, the parties resisting enforcement of a selection clause must show that the clause itself — not the contract — is the product of fraudulent inducement or unfair practices. *M/S Bremen*, 407 U.S. at 15; *see also Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998) (explaining that by requiring specific showings of fraud or overreaching to invalidate a forum selection clause, a federal court ensures that "more general claims of fraud will be litigated in the chosen forum").

Here, Defendants have not alleged, nor does the evidence suggest, that fraud or overreaching induced agreement to the forum selection clause. The MSA's forum selection clause does not require venue in a remote or foreign location — the type of location indicative of foul play. *See M/S Bremen*, 407 U.S. at 16-17 (noting that selection of a remote and unrelated forum could suggest unfair bargaining or the intent to contravene the important public policies of a forum). Neither does it appear that any alleged conflict of interest invalidates the clause. Virginia substantive law would govern this dispute in either state or federal court, and the Court does not deem Henrico County some far-flung jurisdiction that would disadvantage either contractual party. In fact, Henrico County serves as the place where DBS provided its services under the contract, making it an ideal forum for both parties and potential witnesses. (MSA at 1.) Therefore, any potential conflicting interests in the substantive provisions of the MSA cannot possibly extend to the selection of Henrico County as the proper venue. Without allegations or

evidence of fraud, overreaching or other unfair bargaining that specifically taints the selection clause in question, the Court finds the MSA's forum selection clause valid and enforceable.

### C.      Plaintiff Has Not Waived the Right to Enforce the Selection Clause.

Plaintiff has not waived its right to enforce the forum selection clause at issue, because it has not acted inconsistently with the clause and has not expressly waived its rights under the clause. "Waiver is an *intentional* relinquishment of a known right." *Stanley's Cafeteria, Inc. v. Abramson*, 306 S.E.2d 870, 873 (Va. 1983) (emphasis in original). A party must have "knowledge of the facts basic to the exercise of [a contractual] right and the intent to relinquish that right" to effectuate a waiver. *Employers Commercial Union Ins. Co. of Am. v. Great American Ins. Co.*, 200 S.E.2d 560, 562 (Va. 1973). The party claiming waiver bears the burden "to prove the essentials of such waiver . . . by clear, precise and unequivocal evidence." *Utica Mut. Ins. Co. v. Nat'l Indem. Co.*, 173 S.E.2d 855, 858 (Va. 1970).

Here, Defendants do not allege that Plaintiff waived the forum selection clause, nor does the evidence support such a finding. Plaintiff originally sued in Henrico County Circuit Court, consistent with the forum selection clause. (Am. Compl. ¶ 15.) After Defendants filed notice of removal, Plaintiff filed its Motion to Remand nineteen days later, well within the thirty days allowed for procedural objections to removal. (ECF No. 8); 28 U.S.C. § 1447(c). The Court finds no clear and unequivocal evidence that Plaintiff waived the MSA's forum selection clause. Therefore, Plaintiff may enforce the clause.

### D.      Remand is Required Because At Least One Defendant is Bound by the Selection Clause.

The MSA's forum selection clause requires remand, because the terms of the clause bind RCALS and removal requires the consent of all Defendants. A mandatory forum selection clause constitutes a waiver by the contracting defendant of his or her right to removal. *Bartels,*

11

880 F.3d at 681. Absent limited exceptions that do not apply here,[4] all defendants over whom a state court has jurisdiction must consent to the removal of a state civil action to federal court. 28 U.S.C. § 1446(b)(2)(A); *Chi. Rock Island & P. Ry. Co.*, 178 U.S. at 247-48; *Payne ex rel. Estate of Calzada*, 439 F.3d at 203. Thus, a single defendant's waiver of his or her right to remove precludes removal for all defendants. *Insight Holding Grp., LLC v. Sitnasuak Native Corp.*, 685 F. Supp. 2d 582, 590 (E.D. Va. 2010).

Here, grounds exist to bind RCALS, and perhaps GW Delaware,[5] to the forum selection clause. Although both Defendants argue that the MSA does not bind them, because they did not sign it, traditional common law notions may still obligate a non-signatory party to the terms of a contractual clause. (Defs.' MTR Br. at 5-6); *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) ("[T]raditional principles of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." (internal quotation marks and citations omitted)). Relevant to this case, the doctrine of estoppel precludes a non-signatory party from avoiding the terms of a contract when the party knowingly receives benefits under that contract. *Cf. Int'l Paper Co. v. Schwabedisssen Maschinen & Anlagen*

---

[4] Courts routinely recognize three exceptions to the unanimity requirement, namely: (1) where the absent defendant had not yet been served process at the time of removal; (2) where a defendant is a nominal, fraudulently joined, unnecessary or formal party; and, (3) where the removed claim is separate and independent from the plaintiff's other claims. *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007).

[5] Although GW Delaware argues that GW Virginia assigned the MSA to RCALS only, GW Delaware was responsible for the August 2017 letter informing DBS that it considered the MSA terminated, suggesting it is or was a party to the contract. (Am. Compl. ¶ 14.) It is unclear at this stage in the proceedings whether GW Delaware might still be bound by the MSA and the forum selection clause despite being a non-signatory party. However, the law requires remand even if GW Delaware is not bound by the selection clause, so the Court need not consider GW Delaware's relationship with the MSA.

*GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) (binding a non-signatory party to the arbitration clause of a contract under which it received benefits).

By Defendants' own admission, RCALS became assignee of GW Virginia's rights and obligations under the MSA on June 30, 2017. (Defs.' MTR Br. at 5.) After that date, RCALS knowingly received services under the MSA for at least two months without objection. (Defs.' MTD Br. at 2-3.) RCALS cannot now disavow the terms of the MSA for its benefit. Bound by the selection clause, RCALS waived its right to removal, rendering its consent to removal ineffective. Whether the MSA likewise binds GW Delaware proves irrelevant here, as RCALS must give consent for removal to occur. Without RCALS' effective consent, Defendants could not remove Plaintiff's cause of action to this Court and remand is required.

## CONCLUSION

For the reasons stated above, the Court recommends that Plaintiff's Motion to Remand (ECF No. 8) be GRANTED, and that the District Court remand this case to the Henrico County Circuit Court. The Court further recommends that that the Henrico County Circuit Court — the appropriate forum for this case — rule on Defendants' Motion to Dismiss (ECF No. 4).

Let the clerk forward a copy of this Report and Recommendation to all counsel of record and to United States District Judge M. Hannah Lauck.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure**

shall bar you from attacking on appeal the findings and conclusions accepted and adopted

by the District Judge except upon grounds of plain error.

                                                 /s/

David J.  Novak
United States Magistrate Judge

Richmond, Virginia
Date: August 30, 2018.

14